BURNET, COMMISSIONER OF INTERNAL REVE-
NUE, *v.* WILLINGHAM LOAN & TRUST COM-
PANY.

No. 53. Argued January 13, 1931.—Decided January 26, 1931.

*Assistant Attorney General Sisson,* with whom *Solicitor General Thacher, Assistant Attorney General Youngquist,* and *Messrs. Claude R. Branch, Sewall Key* and *Morton K. Rothschild,* Special Assistants to the Attorney General, were on the brief, for petitioner.

*Mr. J. C. Murphy,* with whom *Mr. Joseph M. Hartfield* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This case came before the Circuit Court of Appeals upon a short question. Returns for taxes for the fiscal year 1920 and the fiscal year 1921 were filed respectively on March 15, 1921 and March 15, 1922. Assessments for both years were made on March 15, 1926. The question is whether the assessments were too late under the statutes by which they were governed. The earlier one fell under the Revenue Act of 1918, c. 18, § 250 (d), 40 Stat. 1057, 1083, which requires the amount of tax due to be assessed "within five years after the return was due or was made." That for 1921 was governed by Revenue Act of 1921, c. 136, § 250 (d), 42 Stat. 227, 265, which requires the assessment to be "within four years after the return was filed." Both acts are affirmed in Revenue Act of (February 26,) 1926, c. 27, § 277, (a) (2) (3), 44 Stat. 9, 58. The Circuit Court of Appeals held that the assess-

ments were too late. 36 F. (2d) 49. A writ of certiorari was granted by this Court. 281 U. S. 710.

The argument that prevailed with the Circuit Court of Appeals and that is pressed for the respondent is, that a taxpayer is entitled to the most favorable construction of taxing acts, that there is a distinction between a limitation running from a day and one from an event, and that, if the words quoted are taken literally, the part of the day after the return was filed must be part of the four or five years. We are seeking a measure of time, and therefore we have to translate the event into the language of time; and when, as here, there is no special reason for being more precise, the day is the unit, because people generally measure periods of more than one day by days, months or years. When we say " four years after the return was filed," by common usage we think of four years after the day on which the return was filed, and it would seem that Congress was following common usage. The earlier act read, " after the return was due or was made." The return was not due before the end of the day for filing. By § 250 (d) of the Revenue Acts of 1918 and 1921 no suits shall be begun " after the expiration of five years after the date when such return was filed," obviously treating the "date" and the filing as marking the same starting point, and "date" equally plainly meaning the year and day of the month. The general rule was laid down long ago in language quoted from Chief Justice Bronson, *Cornell* v. *Moulton,* 3 Denio 12, [16]: " When the period allowed for doing an act is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time; and so may be excluded from the computation." *Sheets* v. *Selden's Lessee,* 2 Wall. 177. *Owensboro* v. *Owensboro Water Works Co.,* 243 U. S. 166, 171. *Bemis*

v. *Leonard,* 118 Mass. 502, and many more cases. The fiction that a day has no parts is a figurative recognition of the fact that people do not trouble themselves without reason about a nicer division of time.

*Judgment reversed.*