*723 OPINION.
Arundell:
As set out above, counsel' for the respondent in his brief asks that in the case of Quinton Johnstone, Jr., Docket Ro. 27608, the sum of $24,333 be substituted as the liability of Johnstone in lieu of the amount of $16,222 set out in the amended answer. The purpose and effect of this motion is to increase the amount of petitioner Johnstone’s liability. We think it improper to present a *724 claim for an increased liability in this manner, particularly where, as in this case, the parties were directed to file briefs without exchange. Under such circumstances the opposite party has no opportunity to present objections. It will be denied. Cf. James M. Butler, 19 B. T. A. 718, 729.
When the case of the transferor, Carney Coal Company, was before the Board, we held that there were no deficiencies for the fiscal years 1917, 1918, and 1919. See 10 B. T. A. 1397, and the final' decision entered May 22, 1929. As long as that decision remains unre-versed it is binding on the respondent and he may not assert a liability against the petitioners as transferees for years for which we decided there were no deficiencies. Cf. Jahncke Service, Inc., 20 B. T. A. 837, and J. E. Duval, 21 B. T. A. 1357, holding that stockholders may not, in transferee proceedings, attack deficiencies determined against the taxpayer corporation. We said in the Jahnche case:
It seems well settled, in the absence of fraud or collusion, that a judgment rendered by a tribunal of competent jurisdiction is conclusive against the parties to the suit and against all persons represented by the parties.
This rule applies to the respondent as well as to stockholder's of corporate taxpayers. In these proceedings the respondent attempted to show lack of jurisdiction in the case of the transferor, Carney Coal Company, but failed in his proof.
The fact that section 280 extends the statutory period in the case of transferees under certain circumstances is of no aid to the respondent, as the statutory period expired before the enactment of the Revenue Act of 1926. Caroline J. Sham, Executrix, 21 B. T. A. 400. We accordingly hold that there is no liability on the part of these petitioners as transferees of the Carney Coal Company for the fiscal years ended May 31, 1917, 1918, and 1919.
As to the fiscal year ended May 31, 1920, a different situation exists. The return of the Carney Coal Company was filed on July 23,1920, and the respondent assessed the deficiency within five years, to wit, on July 17, 1925. This assessment being timely made and after the enactment of the 1924 Act, the additional period of six years for collection applied. Counsel for the petitioners concedes that in view of these facts and under section 280(b) (2) of the Revenue Act of 1926 the respondent could assess the transferees if he acted not “ later; than one year after the enactment ” of the 1926 Act. The 1926 Act having been enacted on February 26, 1926, and the notices having been mailed to the petitioners on February 26, 1927, the notices were timely sent under the decision in Burnet v. Willingham Loan & Trust Co., 282 U. S. 437.

Decision will be entered under Rule 50.