GEORGIE W. RATHBORNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83106.   Promulgated January 10, 1939.

*Louis C. Guidry, Esq.*, for the petitioner.
*S. B. Anderson, Esq.*, for the respondent.

#### OPINION.

BLACK: On May 31, 1938, the Board's opinion in this proceeding was promulgated, in which it was directed that decision be entered under Rule 50. On June 22, 1938, respondent filed with the Board a computation for entry of decision in accordance with the opinion of the Board.

This computation shows that there is an overpayment in income tax by the petitioner, Georgie W. Rathborne, for the year 1932 of $2,490.43.

This computation shows that petitioner paid income taxes for the year 1932 as follows:

| | | |
|---|---:|---:|
| March 10, 1933 | | $1,950.00 |
| September 16, 1933 | | 793.99 |
| December 16, 1933 | | 914.66 |
| January 4, 1935 | $152.98 | |
| Less interest | 14.95 | |
| | | 138.03 |
| Total payments | | 3,796.68 |

Of these payments, respondent asks the Board to find that $138.03 was paid within two years prior to the filing of the petition, March 2, 1936, and that the claim for refund of $1,399.16 filed by petitioner on March 10 (*sic*), 1934, was not a valid claim for refund within the meaning of the applicable revenue act and the regulations thereunder.

Petitioner acquiesces in respondent's computation of an overpayment of $2,490.43 for the year 1932 and contends that the claim for refund filed by petitioner on March 9, 1934, should be considered as amended by the amended petition which petitioner filed on November 30, 1937, with leave granted by the Board, and hence that all the payments made by petitioner on her income tax for the year 1932 were made within two years of the time of filing her valid claim for refund.

The alleged claim for refund was executed on form 843. It is signed by the petitioner and was filed with the collector of internal revenue for the district of Louisiana on March 9, 1934, and asks for a refund of $1,399.16.

The grounds stated in the claim as to why a refund should be made are as follows:

In my original 1932 return, I made an error in deducting 12½% on the following:

| | |
|---|---:|
| Hudson River Navigation Co | $2,500 |
| Estate Securities Corp | $6,168 |
| General Theatres Co | $9,950 |
| Cody Lumber Co | $5,000 |

These amounts should have been deducted on the face of my returns as bad debts because of the worthlessness of said items. My amended return shows my total 1932 taxes to be $1,344.83 and having previously paid $2,743.99, I am due a refund of $1,399.16.

The Commissioner in his determination of the deficiency disallowed petitioner's claimed deductions as to each of the items enumerated above except the $5,000 relating to the Cody Lumber Co. This latter loss the Commissioner appears to have allowed in his determination of the deficiency.

In the deficiency notice the Commissioner, among other things, stated as follows:

Due to the adjustments herein shown, it is proposed to disallow your claim (Claim for Refund). Official notice of the disallowance will be issued by registered mail in accordance with section 1103(a) of the Revenue Act of 1932.

In the original petition which was filed, the only assignment of error was the action of respondent in disallowing the loss claimed by petitioner of $6,168 because of bonds of the Estate Securities Corporation becoming worthless in 1932. Prior to the close of the hearings in this proceeding, the assignment of error as to the above alleged loss was abandoned. The only assignments of error left for the Board to decide were raised by the amended petition filed November 30, 1937. These assignments of error were as follows:

(a) The Commissioner erred in including in petitioner's gross income for the said year 1932 the sum of $30,000 received by petitioner from the trust estate created by the last will and testament of the late Joseph Rathborne.

(b) The Commissioner erred in not finding as a fact that all of the said sum of $30,000 received by petitioner from said trust estate created by the late Joseph Rathborne was paid to petitioner by the Trustee out of tax exempt income.

It was assignment of error (b) above, which the Board sustained in part in its opinion promulgated May 31, 1938 (see 37 B. T. A. 936), which resulted in the stated overpayment of $2,490.43. None of that overpayment is due to the allowance by the Board of any of the grounds stated in petitioner's claim for refund filed with the collector for the district of Louisiana on March 9, 1934. That claim for refund, as has already been stated, was denied by the Commissioner in his deficiency notice.

Article 1254 of Regulations 77, relating to the Revenue Act of 1932, reads in part as follows:

*Claims for refund by taxpayers:* * * * The claim must set forth under oath each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed prior to the expiration of such period. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund.

Article 322–3 of Regulations 86, relating to the Revenue Act of 1934, contains the same provision.

Petitioner concedes that her refund claim filed March 9, 1934, did not specify the ground upon which the Board now finds that there was an overpayment. Petitioner concedes that no claim for refund as such is on file in any collector's office which does specify as a ground for refund the basis upon which the Board holds that there was an overpayment. The petitioner does contend however that the

amended petition which she filed on November 30, 1937, relates back to the filing of the original petition, March 2, 1936, and the filing of the original petition on that date relates back to the time of the filing of the refund claim, March 9, 1934, and that the refund claim filed March 9, 1934, is to be considered as amended by the amended petition filed November 30, 1937. We can not subscribe to that theory.

It is true that we held in *Edward E. Rieck*, 35 B. T. A. 1178, that an amended petition filed with leave of the Board relates back and becomes effective as of the date of the filing of the original petition for the purpose of determining whether or not an overpayment is refundable under the provisions of section 504 (a) of the Revenue Act of 1934. We did not hold however that the filing of the original petition related back to the filing of any claim for a refund or had anything to do with a claim for refund.

It should be pointed out that the claim for refund which petitioner filed March 9, 1934, was not a general claim for refund, but was one which specified the grounds upon which petitioner relied, as required by the Commissioner's regulations. Such a claim can not be amended by adding a new and different ground for recovery after the statute of limitations has run. *United States* v. *Andrews*, 302 U. S. 517; *United States* v. *Garbutt Oil Co.*, 302 U. S. 528.

Prior to the Revenue Act of 1934 the Board had jurisdiction to determine, in any proceeding properly before it, that an overpayment of the tax had been made by the taxpayer, but not to determine whether such overpayment or any part thereof should be refunded. The Revenue Act of 1934 changed that situation. Section 504 (a) of that Act is applicable to the present situation and reads as follows:

(a) The last sentence of section 322 (d) of the Revenue Act of 1932 and of the Revenue Act of 1928 are amended to read as follows: "No such credit or refund shall be made of any portion of the tax unless the Board determines as part of its decision that it was paid within two years before the filing of the claim or the filing of the petition, whichever is earlier."

The purpose of section 504 of the Revenue Act of 1934 is stated by the report of the Ways and Means Committee of the House of Representatives (Report No. 704 to accompany H. R. 7835) in the following language:

This section amends sections 322 (d) and 528 (d) of the Revenue Act of 1932, section 322 (d) of the Revenue Act of 1928 and sections 284 (e) and 319 (c) of the Revenue Act of 1926 to bring those into accord with the present bill in so far as the bill relates to the right of the Board of Tax Appeals to determine when an overpayment found by the Board is refundable to the taxpayer. Confusion has resulted under existing law due to the fact that the Board may find an overpayment of taxes but is not authorized to determine whether the overpayment is refundable, it being incumbent upon the Commissioner to determine whether or not an overpayment determined by the Board is barred by the running of the Statute of Limitations on refunds. The amendment made confers

jurisdiction upon the Board of Tax Appeals to determine not only that the taxpayer has made an overpayment of the tax, but also whether such overpayment is refundable, so that the proceeding before the Board may result in a complete disposition of the tax case being considered.

To the same effect is the report from the Senate Committee on Finance. See Report No. 558 to accompany H. R. 7835.

Therefore it is our duty, under the provisions of section 504 (a) of the Revenue Act of 1934, to in effect determine whether all or any part of petitioner's conceded overpayment for the taxable year 1932 should be refunded to her by the Commissioner. In discharge of that function, we determine, upon the facts above stated, that petitioner has overpaid her income tax for the year 1932 in the amount of $2,490.43; that of this amount $138.03 was paid within two years before the filing of the petition in this proceeding; that petitioner's claim for refund of $1,399.16 filed on March 9, 1934, was not a valid claim for refund because it did not set forth the grounds upon which the overpayment in tax in fact is due; hence that none of the payments of income tax for the year 1932 made by petitioner were paid within two years before the filing of a valid claim for refund.

> *Decision will be entered in accordance with the above opinion.*