ALFRED L. ROSE AND DOROTHY B. ROSE (HUSBAND AND WIFE), PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86028.   Promulgated May 7, 1940.

*Wilbur H. Friedman, Esq.*, for the petitioners.
*R. H. Transue, Esq.*, for the respondent.

OPINION.

HARRON: The main question is whether an overpayment of $2,-011.91 in income tax which petitioners made on December 9, 1933, was made within two years before the filing of a valid claim for

refund, under section 322 (d) of the Revenue Act of 1932 as amended by section 809 (c) of the Revenue Act of 1938, the pertinent provisions of which are set forth in the margin.[1]

The original claim for refund was filed on December 9, 1935. Thus, it is evident that the payment of $2,011.91 on December 9, 1933, was made within two years before the filing of the original claim for refund. In the computation of the period of time between the making of the payment and the filing of the original claim for refund, the day on which the payment was made, December 9, 1933, is to be excluded, and the day on which the original claim for refund was filed, December 9, 1935, is to be included. *Burnet* v. *Willingham Loan & Trust Co.*, 282 U. S. 437; *Chambers* v. *Lucas*, 41 Fed. (2d) 299; *United Telephone Co.*, 1 B. T. A. 450; *Harriet M. Hooper*, 26 B. T. A. 758; and see *Sheets* v. *Selden's Lessee*, 2 Wall. 177, 190, in which the Supreme Court, through Mr. Justice Field, stated in part as follows:

* * * The general current of the modern authorities on the interpretation * * * of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period *from* or *after* a day named, is to exclude the day thus designated, and to include the last day of the specified period.

Although the original claim for refund specified two grounds for refund, it did not specify the grounds from which the overpayment in tax resulted. Thus, the original claim for refund failed to comply with the requirements of a valid claim for refund as provided in article 1254 of Regulations 77, relating to the Revenue Act of 1932, the pertinent provisions of which are set forth in the margin.[2] *Georgie W. Rathborne*, 39 B. T. A. 56.

Petitioners do not contend that, within the statutory period of limitation, respondent waived compliance with the requirements of a valid claim for refund as provided in article 1254 of Regulations

---

[1] SEC. 322. REFUNDS AND CREDITS.

* * * * * * *

(d) OVERPAYMENT FOUND BY BOARD.—If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. No such credit or refund shall be made of any portion of the tax unless the Board determines as part of its decision that such portion was paid within two years before the filing of the claim or the filing of the petition, whichever is earlier, or that such portion was paid after the mailing of the notice of deficiency; * * *

[2] ART. 1254. *Claims for refund by taxpayers.*—* * *

The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed prior to the expiration of such period. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund.

77. Cf. *Tucker* v. *Alexander*, 275 U. S. 228; *United States* v. *Garbutt Oil Co.*, 302 U. S. 528. Nor do the facts establish such a waiver by respondent. It is to be noted that respondent could not waive the bar of the statutory period of limitation. See *United States* v. *Garbutt Oil Co.*, *supra.*

Petitioners do contend that the so-called amended claim for refund, which specified one of the grounds from which the overpayment resulted, was a permissible amendment to the original claim for refund and related back to correct the insufficiency of the original claim for refund. Respondent contends that the so-called amended claim for refund was not a permissible amendment to the original claim for refund.

The original claim for refund was subject to *permissible* amendment prior to its final rejection by respondent. See *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62. Although respondent notified petitioners in the deficiency notice that the original claim for refund would be disallowed and that official notice of the disallowance of the claim would be issued by registered mail, there is no evidence to show a final rejection of the original claim for refund by respondent. Cf. *United States* v. *Memphis Cotton Oil Co.*, *supra.*

The general rule as to the permissibility of an amendment to a claim for refund after the expiration of the statutory period of limitation is stated by the Supreme Court, through Mr. Justice Roberts, in *United States* v. *Andrews*, 302 U. S. 517, 524, as follows:

\* \* \* Where a claim which the Commissioner could have rejected as too general, and as omitting to specify the matters needing investigation, has not misled him but has been the basis of an investigation which disclosed facts necessary to his action in making a refund, an amendment which merely makes more definite the matters already within his knowledge, or which, in the course of his investigation, he would naturally have ascertained, is permissible. On the other hand, a claim which demands relief upon one asserted fact situation, and asks an investigation of the elements appropriate to the requested relief, cannot be amended to discard that basis and invoke action requiring examination of other matters not germane to the first claim.

The general rule as to the permissibility of an amendment to a claim for refund after the expiration of the statutory period of limitation has also been stated by the Circuit Court, Second Circuit, through Swan, Circuit Judge, in *Pink* v. *United States*, 105 Fed. (2d) 183, 187, as follows:

\* \* \* Whether a new' ground of recovery may be introduced after the statute has run by amending a pending claim filed in time depends upon the facts which an investigation of the original claim would disclose. Where the facts upon which the amendment is based would necessarily have been ascertained by the Commissioner in determining the merits of the original claim, the amendment is proper. *Bemis Bros. Bag Co.* v. *United States*, 289 U. S. 28, 53 S. Ct. 454, 77 L. Ed. 1011; *United States* v. *Memphis Cotton Oil Co.*, 288 U. S.

62, 53 S. Ct. 278, 77 L. Ed. 619; *United States* v. *Factors & Finance Co.*, 288 U. S. 89, 53 S. Ct. 287, 77 L. Ed. 633. The rule is otherwise when the amendment requires the examination of new matters which would not have been disclosed by an investigation of the original claim. *United States* v. *Andrews*, 302 U. S. 517, 58 S. Ct. 315, 82 L. Ed. 398; *United States* v. *Garbutt Oil Co.*, 302 U. S. 528, 58 S. Ct. 320, 82 L. Ed. 405; *Marks* v. *United States*, 2 Cir., 98 F. 2d 564.

An analysis of the facts shows that the so-called amended claim for refund, which was filed after the expiration of the statutory period of limitation, was not a permissible amendment to the original claim for refund under the rules which are set forth above. The original claim for refund was specific; it pointed to two specific grounds for refund: A deduction of $35,800 as a bad debt owing from the Park Murray Corporation, and a deduction of $62,088.38 as a loss from the sale of certain securities held by petitioners for less than two years, which deductions were not taken by petitioners in the joint return. Even though a general statement was added as paragraph 3 of the original claim for refund, to the effect that the original claim for refund was "also filed to protect all legal rights of taxpayers to any refund of income tax found to be due them for the year 1932", respondent was called upon to investigate only the two grounds specified in the original claim for refund, and was not called upon to make a complete reaudit of petitioners' joint return. *United States* v. *Andrews, supra,* in which the Supreme Court, through Mr. Justice Roberts, stated in part as follows:

\* \* \* The very specification of the items of complaint would tend to confine the investigation to those items and there is no evidence that the examination was more extended.

It is clear that an investigation of the two grounds specified in the original claim for refund would not disclose the material facts underlying the grounds from which the overpayment resulted; there was no relation whatsoever between the facts underlying the grounds specified in the original claim for refund and the facts underlying the grounds from which the overpayment resulted.

Even if it were assumed that the general statement made in paragraph 3 of the original claim called upon respondent to make a complete reaudit of petitioners' joint return, there is no evidence that the reaudit necessarily would have disclosed the material facts underlying the grounds from which the overpayment resulted. Cf. *Pink* v. *United States, supra.* Moreover, contrary to statements made by petitioners in their brief, there is no evidence to show that respondent in fact knew the material facts underlying the grounds from which the overpayment resulted; i. e., the facts determinative of when the investment of $21,000 in the Lexave Syndicate became worthless. See *United States* v. *Andrews, supra.*

It should be pointed out that the so-called amended claim for refund stated only one of the two grounds from which the overpayment resulted—the deduction of $21,000 as a loss occasioned by the worthlessness of the investment of petitioner Alfred L. Rose in the stock of the Lexave Syndicate, Inc. The other ground from which the overpayment resulted, the deduction of $7,200 as a bad debt owing to petitioner Alfred L. Rose from the Lexave Syndicate, Inc., was stated for the first time in the amended petition filed by petitioners on December 10, 1937. In view of the conclusion that the original claim for refund could not be amended, after the expiration of the statutory period of limitation, to specify the grounds from which the overpayment resulted, it is not necessary to consider the further question as to whether the statements in the amended petition with respect to the bad debt deduction of $7,200 could operate as an amendment to the original claim for refund. Cf. *Georgie W. Rathborne, supra.*

Therefore, it is held that petitioners made overpayments in income tax for the year 1932 in the total amount of $9,607.13; that the overpayment of $2,011.91 in income tax which petitioners made on December 9, 1933, was not paid within two years before the filing of a valid claim for refund which stated the grounds from which the overpayment resulted; and that the overpayment of $1,559.51 in income tax which petitioners made on May 19, 1936, was made after the mailing of the notice of deficiency.

Reviewed by the Board.

> *Decision will be entered that there is an overpayment of tax for the year 1932 in the amount of $9,607.13, and that $1,559.51 was paid after the mailing of the notice of deficiency.*