**In re Bruce F. BRADLEY, Debtor.**

**Bankruptcy No. 82–1–1500.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Jan. 12, 1984.

Carl Gulliver, Washington, D.C., for debtor.

Thomas Lackey, Upper Marlboro, Md., Chapter 13 Trustee.

David Brown, Frederick, Md., for comptroller/treasurer State of Md.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Bruce F. Bradley, a Chapter 13 debtor, objects to the claims of the State of Maryland Income Tax Division for taxes due for the 1978 and 1981 tax years. The claim for the 1981 taxes was untimely filed, and the debtor's objection to that claim will be sustained.

The debtor objects to a portion of the tax claim for 1978 because $145.20 of that claim is based upon a tax penalty. The objection to that portion of the 1978 claim for the tax penalty is sustained. 11 U.S.C. § 507(a)(6)(G). If any portion of the interest sought in the 1978 tax claim is for postpetition interest, that portion of the claim is also disallowed. This case does not fall into any of the exceptions to the general prohibition against postpetition interest. *In re Boston & Maine Corp.,* 719 F.2d 493, 496 (1st Cir.1983), *United States v. Edens,* 189 F.2d 876, 877 (4th Cir.1951), *aff'd per curiam,* 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682.

Debtor also objects to the alleged priority status of the claim for the 1978 tax year. That return was due on April 16, 1979, but not filed until December 3, 1981. Debtor's Chapter 13 petition was filed September 30, 1982.

Section 507(a)(6)(A) provides for priorities for income tax as follows:

§ 507. *Priorities*

(a) The following expenses and claims have priority in the following order:

\*  \*  \*  \*  \*  \*

(6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

As the return for the 1978 income taxes was last due April 16, 1979, the time elapsed between the filing of the petition and the time the return was last due exceeds three

years. Thus, the tax claim filed by the State of Maryland Income Tax Division would not be entitled to priority treatment under § 507(a)(6)(A)(i) unless the fact that the debtor's 1978 tax return was not filed until December 3, 1981, affects the time calculation for determining priority. *See generally, U.S. on Behalf of I.R.S. v. Norton,* 717 F.2d 767 (3d Cir.1983).

The court has not been cited nor been able to discover any decisions which have enlarged the three-year period based upon the late filing of the tax return. Indeed, § 40.03 of *Norton Bankruptcy Law and Practice,* at pp. 3–4, indicates that the wording "for which a return, if required, is last due ... after three years before the date of the filing of the petition" was intended to resolve the litigation over the prior Bankruptcy Act wording "legally due and owing," by specifically indicating that the return due date was the referenced point in time.

The court concludes that the claim filed by the State of Maryland Income Tax Division is not entitled to priority under § 507(a)(6)(A)(i) of the Bankruptcy Code. Therefore, § 1322(a) does not mandate its payment in full. The court notes, however, that because the 1978 tax return was not filed until December 3, 1981, this debt would be nondischargeable under § 523(a)(1)(B)(ii) of the Bankruptcy Code if the debtor later seeks a "hardship" discharge under § 1328(b) or if this were a Chapter 7 case. *See* 1 *Norton Bankruptcy Law and Practice,* § 27.30. This points out once again the character of the "super-discharge" accorded Chapter 13 debtors. Similarly, if the debtor seeks a discharge under any section of the Bankruptcy Code other than § 1328(a), the tax debt for 1981 will be excepted from discharge under § 523(a)(1) because the 1981 tax return was not filed until April, 1983.

In summary, under the unusual set of facts presented, this tax claim that would not be dischargeable under Chapter 7 is not accorded priority under Chapter 13. *Cf.* S.Rep. No. 95–989, 95th Cong. 2d Sess. at 14, U.S.Code Cong. & Admin.News 1978, p.

5787. While the result does not appear to have been contemplated by Congress, the Code does not permit any other result.

Counsel for the debtor shall submit an appropriate order.