**In re Ray and Nora TORRENTE, Debtors.**

**Ray and Nora TORRENTE, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 86–03320–BKC–SMW. Adv. No. 87–0029–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

June 26, 1987.

Joy L. Pritts, Washington, D.C., for IRS.

Robert Roth, Miami, Fla., Trustee.

Michael A. Frank, Frank, Schmitt & Frank, P.A., North Bay Village, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on February 19, 1987, upon the Complaint of Debtors Ray and Nora Torrente for the determination of validity and priority of a claim,[1] asserted by the United States of America for Federal income taxes, pursuant to § 507(a)(7) of the Bankruptcy Code, and the Court having considered the arguments of counsel, both oral and as set forth in memoranda of law, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

The facts in this case are not contested. Both parties agree that the federal income tax returns for the tax years at issue in this case were filed delinquently. Although the Debtors' 1981 tax return was due on April 15, 1982, and their 1982 tax return was due on April 15, 1983, neither of the tax returns was filed with the Internal Revenue Service until January 31, 1984. It is also uncontested that the Internal Revenue Service had not made assessments for these years against the Torrentes as of October 22, 1986, the date the Debtors filed their Petition in Bankruptcy. The United States filed a proof of claim stating that approximately $115,000.00 in Federal income taxes for the 1981 and 1982 tax years are entitled to priority status.

The United States contends that the Federal income tax liabilities owed by the Debtors are entitled to priority treatment pursuant to § 507(a)(7)(A)(iii) of the Bankruptcy Code which provides for priority

---

1. The Complaint additionally sought the determination of Debtors' tax liability for 1981 and 1982. This Court elected to refrain from hearing that matter and by order dated February 24, 1987, directed the parties to try the issue of tax liability in the United States Tax Court pursuant to this Court's Order Lifting the Automatic Stay.

treatment of certain unsecured tax claims. Debtors, on the other hand, contend that the claim of the United States comes within the exception to priority treatment provided in § 507(a)(7)(A)(iii) because it is a claim for the type of tax specified in § 523(a)(1)(B).[2]

Section 507(a)(7)(A)(iii) provides for priority treatment of unsecured claims for taxes to the extent such claims are for:

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

■ In applying this provision, the first issue is whether the admittedly unassessed taxes are assessable after the commencement of the bankruptcy proceeding.

■ The applicable tax law, in this case the Internal Revenue Code, must be examined to determine whether the taxes at issue remain assessable. See *In re Massoni*, 20 B.R. 416 (Bankr.D.Kan.1982); *In re Treister*, 52 B.R. 735 (Bankr.S.D.N.Y.1985). Under the Internal Revenue Code, assessments must be made within 3 years after a tax return has been filed. 26 U.S.C. § 6501(a). The Debtors delinquently filed their 1981 and 1982 Federal income tax returns on January 31, 1984. The statute of limitations for assessing these taxes, therefore, commenced running on February 1, 1984, and barring any other event would have expired on February 1, 1987. *See Burnet v. Willingham Loan & Trust Co.*, 282 U.S. 437, 51 S.Ct. 185, 75 L.Ed. 448 (1931). On October 22, 1986, the Debtors filed their Chapter 13 petition with this Court and that filing stayed the statutory period for assessment. 26 U.S.C. 6503(i). Debtors' Federal income taxes for 1981 and 1982 thus remain assessable to this date and the claim of the United States for these taxes is accorded priority treatment

pursuant to § 507(a)(7)(A)(iii) of the Bankruptcy Code.

■ Debtors contend that the claim of the United States for Federal income taxes comes within the exception provided for within § 507(a)(7)(A)(iii) because the claim is for the kind of tax specified in § 523(a)(1)(B).

This provision of the Bankruptcy Code refers to taxes:

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which the return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition ...

§ 523(a)(1)(B).

Debtors assert that their 1981 and 1982 tax returns were filed "after two years before the date of the filing of the petition," and constitute the type of tax described in § 523(a)(1)(B). Under the plain language of the Bankruptcy Code, however, § 523(a)(1)(B) is only applicable where a tax return was never filed or where the return was delinquent but filed within two years of the petition date. *See In re Coleman American Moving Services*, 20 B.R. 267 (Bankr.Kan.1981); *In re Bradley*, 36 B.R. 655 (Bankr.Md.1984) (where the courts construed the nearly identical phrase "after three years before" in § 507 of the Bankruptcy Code as meaning within three years before the petition date).

The Debtors' 1981 and 1982 tax returns were filed delinquently on January 31, 1984, prior to two years before the the petition date of October 22, 1986. The claim of the United States for Federal income taxes for 1981 and 1982, therefore, is not for the type of tax specified within § 523(a)(1)(B), and the claim is not excepted from priority treatment under § 507 of the Bankruptcy Code.

**2.** Although Debtors urge this Court to adopt the decision of the court in *In re Doss*, 42 B.R. 749 (Bankr.E.D.Ark.1984), this Court is not legally bound to follow the *Doss* decision and respectfully declines to adhere to the construction of the Bankruptcy Code set forth therein. Rather, this Court believes that the proper method of interpreting § 507 and § 523 of the Bankruptcy Code is to rely on the plain meaning of the statute.

Accordingly, this Court finds that the claim of the United States for unpaid Federal income tax liabilities for the tax years 1981 and 1982, the amount of which is being litigated in the United States Tax Court, is entitled to priority treatment pursuant to § 507(a)(7)(A)(iii) of the Bankruptcy Code. A separate Final Judgment of even date has been entered in conformity herewith.