980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theresa R. METHOT, Defendant-Appellant.
 No. 91-56180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theresa Methot appeals pro se from the district court's summary judgment for the United States in its action to recover assessed income taxes and additions to tax from Methot for the tax years 1970 through 1977. Methot contends that the district court lacked jurisdiction over the United States' action to reduce the assessed taxes to judgment because the action was time-barred under 26 U.S.C. § 6502(a)(1). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Under the statute in effect at the time the United States assessed taxes against Methot, an action to reduce the assessments to judgment must have been filed within six years after the date of the assessments. See 26 U.S.C. § 6502(a)(1) (1989).[1] Fed.R.Civ.P. 6(a) provides in relevant part:
 
 
 4
 In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.
 
 
 5
 Fed.R.Civ.P. 6(a).
 
 
 6
 Here, Methot failed to file federal income tax returns for the tax years 1970 through 1977. On May 7, 1984, the United States made assessments of income taxes and additions to tax against Methot for those years. On May 7, 1990, the United States filed a complaint in district court to reduce the assessments to judgment. Under Fed.R.Civ.P. 6(a), the six-year limitations period of 26 U.S.C. § 6502(a)(1) began to run on May 8, 1984. Accordingly, the United States' action filed May 7, 1990 was within the limitations period and the district court had jurisdiction to rule on the assessments. See Burnet v. Willingham Loan & Trust Co., 282 U.S. 437, 439 (1931) (stating traditional rule that day of event that starts statute of limitations period running is excluded from computation of limitations time period).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 26 U.S.C. § 6502(a)(1) was amended in 1990 increasing the period for filing an action to ten years