**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rogab S. TAWAB, Defendant–Appellant.**

No. 91–50537.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 1993.[*]

Decided Feb. 2, 1993.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

**1534**

Mitchell W. Egers, Hanson & Egers, Los Angeles, CA, for defendant-appellant.

Russell G. Petti, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before BROWNING, POOLE and NOONAN, Circuit Judges.

PER CURIAM:

Rogab S. Tawab was indicted under 18 U.S.C. § 1029(a)(2) for credit card fraud on February 15, 1991. Tawab contends the indictment was filed one day after the five-year statute of limitations ran, and accordingly should have been dismissed. 18 U.S.C. § 3282.

I

The district court assumed for the purposes of Tawab's motion to dismiss that his criminal conduct was complete on February 15, 1986, and we accept that assumption on appeal. Tawab argues the day the crime is complete is included in determining whether the limitations period has expired. If this were true, the five-year limitations period would have expired on February 14, 1991. However, the court held in *Burnet v. Willingham Loan & Trust Co.*, 282 U.S. 437, 439, 51 S.Ct. 185, 185, 75 L.Ed. 448 (1931), that the day from which a period commences is to be excluded when calculating that period. This rule applies to the calculation of limitations periods in criminal as well as civil cases. *Wiggins v. United States*, 64 F.2d 950 (9th Cir.1933). The indictment was timely filed.

II

Tawab also argues that because 1988 was a leap year, a period of five 365-day years after February 15, 1986 elapsed on February 14, 1991, rather than on February 15, 1991. However, the term "year" in 18 U.S.C. § 3238 means calendar year, not 365 days. *See Gammons v. Domestic Loans of Winston–Salem, Inc.*, 423 F.Supp. 819, 822 (M.D.N.C.1976).

Affirmed.