RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0054p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

CARL WALLACE,

   *Plaintiff-Appellant,*

   *v.*

DIVERSIFIED CONSULTANTS, INC.,

   *Defendant-Appellee.*

No. 13-2214

———————————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit
No. 2:13-cv-10427—Robert H. Cleland, District Judge.

Decided and Filed:  March 26, 2014

BEFORE:  SUHRHEINRICH, ROGERS and SUTTON, Circuit Judges.

———————————

**COUNSEL**

———————————

**ON BRIEF:**  Brian P. Parker, Bingham Farms, Michigan, for Appellant.  Charity Olson, OLSON LAW GROUP, Ann Arbor, Michigan, for Appellee.

———————————

**OPINION**

———————————

   SUTTON, Circuit Judge.  This is a case about prepositions—about the difference, if any, between "of" and "after" as used here.  Under the Fair Debt Collection Practices Act, a collector dunning another for payment must notify the individual that it will assume the validity of the debt unless he disputes it "within thirty days after receipt of the notice."  15 U.S.C. § 1692g(a)(3).  Diversified Consultants wrote to Carl Wallace that it would assume the validity of a debt unless he disputed it "within 30 days of receiving this notice."  R. 1-1.  Seizing on the

1

use of "of" in the letter in contrast to the use of "after" in the Act, Wallace sued Diversified. The district court granted the debt collector judgment on the pleadings. We agree and affirm.

A collector need not parrot the Act to comply with it. A statement works if it speaks with enough clarity to convey the required information to a reasonable but unsophisticated consumer. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992). The letter to Wallace did that. It informed him that he had thirty days to dispute the debt, that the clock would start running when he received the letter (rather than, say, when Diversified sent the letter), and that if he did not act the collector would assume the debt's validity.

It makes no difference that the letter said "within 30 days *of* receiving this notice" rather than "within 30 days *after* receiving this notice." Both mean the same thing. From the most venerable sources to the most contemporary, authors have used these phrases interchangeably. The King James Version of Leviticus 25:29 allows the seller of a "dwelling house in a walled city" to buy it back "within a whole year *after* it is sold," while the English Standard Version allows the seller to buy it back "within a year *of* its sale." The original version of Appellate Rule 4 required the appellant to file a notice of appeal "within 30 days *of*" entry of judgment, but today's version requires him to file a notice of appeal "within 30 days *after*" entry of judgment. A Committee Note from 1979 explains that the switch worked only a stylistic change, "since the word 'of' in the [original] rule appears to be used to mean 'after.'" More examples appear in the United States Reports. Many an opinion uses "within . . . of" when describing a law that uses "within . . . after." *Compare Ray Haluch Gravel Co. v. Cent. Pension Fund*, 134 S. Ct. 773, 779 (2014) ("within 30 days of"), *with* Fed. R. App. P. 4(a)(1)(A) ("within 30 days after"); *compare Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 822 (2013) ("within 180 days of"), *with* 42 U.S.C. § 1395*oo*(a)(3) ("within 180 days after"); *compare John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 135 (2008) ("within six years of"), *with* 28 U.S.C. § 2501 ("within six years after").

All of this explains why we have assumed, without being asked to think about it, that statements telling consumers they may dispute the debt "within thirty days of" receiving notice suffice. *See Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 507–13 (6th Cir. 2007);

*Smith*, 953 F.2d at 1029. Now that we have been asked to think about it, we agree with the assumption. The two words operate interchangeably in this setting and indeed in most settings.

Wallace points out that "of" and "after" are different words, and that they can bear different meanings. True enough. A speaker might even use "within thirty days of something" to mean "within thirty days *before* something"—as in "The Bipartisan Campaign Reform Act regulates political advertisements aired within thirty days of a primary." But *this* possibility does not make Diversified's choice of preposition improper. No reasonable consumer, even an unsophisticated one, would read the letter as an instruction to travel back in time (though no more than thirty days back) to dispute the debt.

Wallace has something else in mind. He complains that the phrase "within thirty days *of* receiving this notice" suggests to the consumer that the clock starts ticking the instant he gets the letter, while the phrase "within thirty days *after* receiving this notice" does not carry that connotation. In one sense, Wallace is on to something. The law "doth reject all fractions and divisions of a day," and so for the most part excludes the day of an event when measuring time from that event. *Clayton's Case*, 5 Co. Rep. 1a, 1b (K.B. 1585); *see Burnet v. Willingham Loan & Trust Co.*, 282 U.S. 437 (1931) (Holmes, J.). Wallace thus has a good argument that the day a consumer gets notice does not count toward the thirty-day deadline for disputing the debt. But he does *not* have a good argument that Diversified's chosen preposition misleads the reader on this point. Neither "of" nor "after" says anything—either way—about when to start counting. That means Diversified spoke with enough clarity to comply with the Act. *See Smith*, 953 F.2d at 1029.

Truth be told, *both* "within thirty days of receiving notice" *and* "within thirty days after receiving notice" are ambiguous about when to start counting. Does this mean that Wallace would have won had he taken aim, not at the choice of preposition, but at the absence of a clarifying parenthetical—had he argued the letter should have read, "within thirty days of receiving this notice (not counting the day of receipt)"? We doubt it. A collector complies with the law so long as it effectively conveys the information specified in the statutory text, *see Lamar*, 503 F.3d at 510, and the text says nothing about whether the day of receipt counts. Besides, "[t]he fiction that a day has no parts is a figurative recognition of the fact that people do

not trouble themselves without reason about a nicer division of time." *Burnet*, 282 U.S. at 440. Because the law's disregard of fractions of days reflects "common usage," *id.* at 439, we suspect that a consumer reading Diversified's letter would ignore the day of receipt anyway, no matter the absence of a clarifying parenthetical.

For these reasons, we affirm.