NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30270 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00140-JO-1 |
| v. | |
| DAVID G. KIRAZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted July 11, 2018**
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,*** District
Judge.

David Kiraz appeals his convictions for one count of conspiracy to defraud

the United States in violation of 18 U.S.C. § 371 and three counts of filing false

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

income tax returns in violation of 26 U.S.C. § 7206(1). The parties are familiar with the facts, and we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Kiraz was not subjected to a variance. "A variance occurs where the facts presented at trial materially differ from those alleged in the indictment," and such claims are reviewed de novo. *United States v. Doss*, 630 F.3d 1181, 1191 (9th Cir. 2011). Kiraz asserts that, as to the conspiracy charge, the indictment alleged a "cash-skimming" scheme, but he was convicted based on a "two sets of books" scheme. "To convict on a charge under the 'defraud' clause [of 18 U.S.C. § 371], the government must show that the defendant (1) entered into an agreement (2) to obstruct a lawful government function (3) by deceitful or dishonest means and (4) committed at least one overt act in furtherance of the conspiracy." *United States v. Conti*, 804 F.3d 977, 979–80 (9th Cir. 2015). One alleged overt act in the indictment is that Kiraz "maintained a second profit and loss spreadsheet" at his residence that accurately recorded door charges and dancer fees. Several additional explicit references to Kiraz's maintaining two sets of financial records also appear in the indictment. While Kiraz argues that these references were only included as evidence of a cash-skimming scheme, his argument is undercut by his own expert's testimony that one "hallmark" of a cash-skimming scheme is the absence of any record of skimmed cash. And while Kiraz argues that certain allegations in the

2

indictment were not proved at trial, "[t]he cases make clear that the government need not prove all facts charged in an indictment; instead, only enough facts to prove the essential elements of the crime must be demonstrated at trial." *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986).

2. Assuming Kiraz opposed the government's motion *in limine* to refer to the two sets of financial records as the "first set of books" and the "second set of books," we find the district court did not abuse its discretion in granting the government's motion. *See United States v. Alvarez*, 831 F.3d 1115, 1120 (9th Cir. 2016). The terms are colloquially known, well-understood, and long-used by this court. *See Wiggins v. United States*, 64 F.2d 950, 951–52 (9th Cir. 1933).

3. The district court did not abuse its discretion in refusing to give a dual-role jury instruction relating to testimony provided by I.R.S. Special Agent Clint Kindred. *See United States v. Wanland*, 830 F.3d 947, 952 (9th Cir. 2016). When a law enforcement agent testifies as both a fact witness and an expert witness, there are concerns that "an agent's status as an expert could lend him unmerited credibility when testifying as a percipient witness, cross-examination might be inhibited, jurors could be confused and the agent might be more likely to stray from reliable methodology and rely on hearsay." *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014). SA Kindred did not offer expert opinion testimony. SA Kindred's testimony that he "knew" there were "two sets of books" was offered to

explain why he compared hard copy records of door and house fees to the second set of financials. SA Kindred's testimony that the second set of financials was "true" and "accurate" summarized the conclusions of his comparisons: the hard copy records were accurately reflected on the second set of financials. These conclusions were not based on SA Kindred's particular expertise, but on his time-intensive comparison of documents. Because this does not equate to expert testimony, the district court did not abuse its discretion in refusing to grant a dual-role jury instruction.

4. Finally, the district court did not abuse its discretion in denying Kiraz's motion for a mistrial based on the prosecutor's improper question to Kiraz's expert witness. When reviewing for prosecutorial misconduct, we consider in the context of the entire trial "whether it is more probable than not that the prosecutor's conduct materially affected the fairness of the trial." *United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011) (quoting *United States v. McKoy*, 771 F.2d 1207, 1212 (9th Cir. 1985)). The district court twice instructed the jury that questions during examination are not evidence. Additionally, the evidence of Kiraz's guilt was overwhelming, including testimony from his own expert that Kiraz kept two sets of financial records, failed to report the door and house fees on his taxes, and did not, as he claimed, invest all of the cash from the door and house fees. While the prosecutor should not have asked one witness to comment on another witness's

credibility, it did not materially affect the trial.

**AFFIRMED.**