**UNITED STATES of America,
Appellant,**

v.

**Daniel MACKLIN, Defendant-Appellee.**

**No. 1235, Dockets 75–1189, 75–3031.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 13, 1975.

Decided Sept. 4, 1975.

**194**

Edward R. Korman, Chief Asst. U. S. Atty. for the Eastern District of New York (David G. Trager, U. S. Atty. for the Eastern District of New York, of counsel), for appellant.

Albert H. Socolov, New York City, for defendant-appellee.

Before GURFEIN, VAN GRAAFEILAND and MESKILL, Circuit Judges.

GURFEIN, Circuit Judge:

The United States appeals from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, *Chief Judge*, which granted the motions of defendant, Daniel Macklin, to withdraw his plea of guilty under Fed.R.Crim.P. 32(d) and to dismiss the indictment on the ground that the term of the grand jury which returned the indictment had been improperly extended. The appeal is pursuant to 18 U.S.C. § 3731, as amended by Act of Jan. 2, 1971, Pub.L.No.91–644, 84 Stat. 1890. The government also petitions for mandamus requiring the District Court to withdraw its order permitting withdrawal of the guilty plea or directing its reconsideration of that order.

On May 16, 1973, defendant was indicted on 25 counts of violating 18 U.S.C. § 1010 by submitting false statements in applications for federally insured mortgages. On August 1, 1973, appellee, as part of a plea bargain, withdrew his plea of not guilty to two counts of the indictment and entered a plea of guilty to those counts. This court later decided *United States v. Fein,* 504 F.2d 1170 (2 Cir. 1974). There we affirmed the dismissal of an indictment on the ground that the term of the grand jury which returned it had been improperly extended. Macklin had been indicted by the *same* grand jury after its term had expired.[1] Appellee moved to withdraw his

---

1. The expiration date of the grand jury, if its term was not validly extended, was September 17, 1972. *United States v. Fein,* 370 F.Supp. 466, 467 (E.D.N.Y.1974).

guilty plea and to dismiss the indictment on the basis of our decision in *Fein.* Chief Judge Mishler granted both motions. We are informed that Macklin has been reindicted.

■ Since Macklin had not yet been sentenced, Chief Judge Mishler probably could have permitted withdrawal of the guilty plea in his discretion. Furthermore, our appellate jurisdiction to mandamus a District Judge for granting an application to withdraw a guilty plea before sentence is by no means crystal clear. Compare *United States v. DiStefano,* 464 F.2d 845 (2 Cir. 1972), with *United States v. Dooling,* 406 F.2d 192, 198–99 (2 Cir.), *cert. denied,* 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969). On the other hand, dismissal of the indictment is appealable by the United States under the 1971 amendment to section 3731. See *United States v. DiStefano, supra,* 464 F.2d at 846–47; *United States v. Crutch,* 461 F.2d 1200 (2 Cir.), *cert. denied,* 409 U.S. 883, 93 S.Ct. 172, 34 L.Ed.2d 139 (1972).

The government concedes that if the defendant had made a timely motion, the indictment should have been dismissed in view of *United States v. Fein.*

■ The issue is whether the defect we found in *Fein*—that there was no proper grand jury—is merely a defect "in the institution of the prosecution," which may be raised only by motion before trial, Fed.R.Crim.P. 12(b)(2), or whether it amounts to a "lack of jurisdiction," in which case it "shall be no-

ticed by the court at any time during the pendency of the proceeding." *Id.* Chief Judge Mishler held that the defect was not merely in the "institution of the prosecution" but that it left the court without jurisdiction. We are constrained to agree.

It is surely anomalous that a man who has admitted his guilt should be permitted to challenge the indictment to which he has pleaded guilty. "Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused." *Smith v. United States,* 360 U.S. 1, 9, 79 S.Ct. 991, 996, 3 L.Ed.2d 1041 (1959).

■ Yet it has long been the rule that the grand jury is a creature of statute, *In re Mills,* 135 U.S. 263, 267, 10 S.Ct. 762, 34 L.Ed. 107 (1890), and that there can be no such thing as a de facto grand jury. *United States v. McKay,* 45 F.Supp. 1007, 1015 (E.D.Mich.1942). Pursuant to 18 U.S.C. § 3771, the Supreme Court has promulgated Fed.R. Crim.P. 6(g), which provides that "no grand jury may serve more than 18 months." Thus, as we said in *Fein,* an unauthorized extension of the term of a grand jury beyond 18 months is a defect which "goes to the very existence of the grand jury itself," and "[w]e have found no authority which has upheld the validity of an indictment returned by a grand jury whose life had terminated under the clear language of the governing rule." 504 F.2d at 1173. It is therefore clear that the indictment handed down by the grand jury in the instant case is a nullity.[2]

**2.** In *Gaither v. United States,* 134 U.S.App. D.C. 154, 413 F.2d 1061 (1969), "[t]he indictment was returned under what [was] evidently the normal procedure followed in [the District of Columbia]." 413 F.2d at 1065. There the grand jury simply "presented" the defendants for larceny, and the foreman of the grand jury signed the "presentment." The United States Attorney's office then drafted an indictment which was signed by the foreman under the traditional certification "A True Bill." The defendants made a timely objection to this procedure. *Id.* at 1065 n.2. The court determined that this procedure was defective, since the grand jury must pass on the actual terms of the indictment that it votes, and accordingly it held, on rehearing, that the indictments against the defendants had to be dismissed. *Id.* at 1084–85. The court ruled, however, that its decision holding the procedure erroneous was not to be applied retroactively. *Id.* at 1082–84. This ruling was followed in *United States v. Wilson,* 140 U.S.App.D.C. 220, 434 F.2d 494, 496 (1970). In *Gaither* and *Wilson,* however, there was a duly organized grand jury, which had charged the defendants with the specific crime of grand larceny. While the failure of the jury

Our conclusion that the indictment is a nullity necessarily implies that the court was without jurisdiction to hear the case, as Fed.R.Crim.P. 7(a) specifically provides that "[a]n offense which may be punished by imprisonment for a term exceeding one year . . . shall be prosecuted by indictment." The absence of an indictment is a jurisdictional defect which deprives the court of its power to act. Such a jurisdictional defect cannot be waived by a defendant, even by a plea of guilty. Cf. *Smith v. United States, supra,* 360 U.S. at 10, 79 S.Ct. at 997.[3]

In making the requirement of an indictment jurisdictional, Rule 7(a) merely codifies what always was considered to be the law. Thus, in *Ex parte Wilson,* 114 U.S. 417, 429, 5 S.Ct. 935, 941, 29 L.Ed. 89 (1885), the Court stated that "the District Court, in holding the petitioner to answer for such a crime . . . without indictment or presentment by a grand jury, *exceeded its jurisdiction,* and he is therefore entitled to be discharged" (emphasis added). Similarly, in *Ex parte Bain,* 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), the defendant was convicted on an indictment found invalid because it had been amended by the court. The Court held that "the *jurisdiction* of the offence is gone" because the case was not "properly presented by indictment."

*Id.* at 13, 7 S.Ct. at 788 (emphasis added).

Nor can the lack of jurisdiction over Macklin be cured by treating the indictment as if it were an information. While prosecution by indictment can be waived, Fed.R.Crim.P. 7(b), the only waiver that could conceivably be found here is the plea of guilty. It would be tempting to hold that since a defendant may waive indictment, a plea of guilty is at least its equivalent. We recognize that one of the grounds for requiring prosecution by indictment is to protect a possibly innocent defendant. And here the defendant has admitted that he is not innocent.[4] Yet the waiver of indictment has been deliberately clothed in formal procedure. It must be made in open court and the defendant must be told the nature of the charge and informed of his rights before he is allowed to consent to the waiver. We cannot erode the protective formality of the rule because of a hard case. The charge to which the appellee pleaded guilty was contained in the very indictment we have held to be a nullity. Macklin has not pleaded to any other written accusation.

The government, in an excellent brief, argues that there is no reason why the unauthorized extension of the term of a

specifically to vote on the wording of the indictment might have been ground to dismiss the indictment upon a motion timely made, it could not have required a dismissal for lack of jurisdiction, for a properly constituted grand jury did vote on the substance of the charges.

We are aware that Judge Sirica in *United States v. Mitchell,* 389 F.Supp. 917, 919–20 (D.D.C.1975), in denying defendant Haldeman's Rule 34 motion for arrest of judgment, held that a claim that a grand jury had been unlawfully extended does not allege a lack of jurisdiction—the proper basis for a Rule 34 motion. He relied "generally" on *United States v. Wilson, supra,* which we have distinguished. Moreover, as we noted in *United States v. Fein, supra,* 504 F.2d at 1178, the Attorney General conceded that the "Watergate" grand jury would expire at the end of 18 months, and obtained statutory authority for

its extension from Congress. Act of Nov. 30, 1973, Pub.L. No.93–172, 87 Stat. 691.

3. *Smith* involved a charge of kidnapping, pursuant to 18 U.S.C. § 1201, a capital offense. An offense punishable by death requires prosecution by indictment regardless of a defendant's waiver. Fed.R.Crim.P. 7(a). The Court held that prosecution by information "did not confer *power* on the convicting court to hear the case." 360 U.S. at 10, 79 S.Ct. at 997 (emphasis added).

4. Generally, at least after conviction, it has been thought that relief from a guilty plea pursuant to Rule 32(d) ("to correct manifest injustice") is not to be entertained when the defendant makes no claim of innocence. See cases collected in *D'Allesandro v. United States,* 517 F.2d 429, 436 n.7 (2 Cir. 1975).

grand jury should be deemed to affect the jurisdiction of the court any more than a claim that the composition of the grand jury was illegal and unconstitutional. There is no doubt that where the matter is raised in a habeas corpus or in a § 2255 proceeding long after a conviction, a challenge to the grand jury as unconstitutionally constituted on racial grounds will not avail, because of failure to assert the claim under Fed.R.Crim.P. 12(b)(2). See *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). However, these cases dealt with grand juries that formally existed. Only the composition of the juries was challenged—not upon the ground that any particular jurors were incompetent to serve, but rather on the ground that the racial composition of the otherwise legally constituted grand jury was not in conformity with the constitutional requirement.

■ The difference, as Chief Judge Mishler stated, is that here the defect is one which renders the grand jury's actions void *ab initio.* There is no such body as a "de facto" grand jury. *United States v. McKay, supra,* 45 F.Supp. at 1015. Since the so-called grand jury had no power to indict, the court had no jurisdiction over the defendant who, in the absence of knowing waiver, could be prosecuted only by indictment.

In any event, the defendant has been reindicted. We express no opinion on any matter affecting the second indictment.

The judgment is affirmed. The petition for mandamus is dismissed.