UNITED STATES of America,
Appellant,

v.

Roy R. CARVER, Joseph C. Lemire,
Lionel W. Achuck, Jon T. Stephens,
Interconex, Inc.

No. 82–1076.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 12, 1982.

Before WRIGHT, MacKINNON, and ROBB, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

■ Federal Rule of Criminal Procedure 6(g) provides that "no grand jury may serve more than 18 months." The grand jury that indicted appellees was impaneled and sworn in on March 10, 1980. The impaneling and swearing in of the grand jury begins its 18-month period of service. *United States v. Armored Transport, Inc.*, 629 F.2d 1313, 1316–17 (9th Cir. 1980), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981).

■ Appellees contend that because the grand jury had the power to hand down an indictment on March 10, 1980, that date must be included in computing the 18-month life of the grand jury. Thus, they argue, the grand jury could not hand down a valid indictment after September 9, 1981. The grand jury returned the challenged indictment on September 10, 1981. The district court agreed with appellees that this indictment came too late and was invalid, so the court dismissed the indictment.

The Government has moved for the summary reversal of the dismissal of the September 10 indictment. Because the merits of the Government's case "so clearly warrant relief as to justify expedited action," *United States v. Allen*, 408 F.2d 1287, 1288 (D.C.Cir.1969), we grant the motion.

Appellees' position is in flat contradiction with Fed.R.Crim.P. 45(a), which provides: "In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included." The application of this rule to this case is clear: March 10, 1980, "the day of the act or event from which the [period of '18 months'] begins to run," is *not* included. Thus the indictment returned on September 10, 1981 was validly returned within the 18-month period. The computation of time in the manner prescribed by

Rule 45(a) is in accord with longstanding common usage, as the Supreme Court noted in *Dutcher v. Wright,* 94 U.S. 553, 560–61, 24 L.Ed. 130 (1876), in quoting a practice rule adopted by the Kings' Bench, the Common Pleas, and the Exchequer in 1831. Over the centuries there have been myriads of cases with differing results but Rule 45(a) expresses the majority rule. *Burnet v. Willingham Loan & Trust Co.,* 282 U.S. 437, 439, 51 S.Ct. 185, 75 L.Ed. 448 (1931). In *Burnet* an assessment for unpaid taxes under the Revenue Act of 1921 was required to be made "within four years after the return was filed"; the return was filed on March 15, 1922, and the assessment was made on March 15, 1926. The unanimous opinion by Justice Holmes ruled that the assessment was within the prescribed period because the day on which the return was filed was properly *excluded* from the computation of the period of limitation. The following cases were cited: *Cornell v. Moulton,* 3 Denio 12, 16 (N.Y.Sup.Ct.1846) ("When the period allowed for doing an act is to be reckoned from ... the happening of any ... event, the day on which the event happened may be ... excluded from the computation."); *Sheets v. Selden's Lessee,* 69 U.S. (2 Wall.) 177, 17 L.Ed. 822 (1864); *Owensboro v. Owensboro Water Works Co.,* 243 U.S. 166, 171, 37 S.Ct. 322, 323, 61 L.Ed. 650 (1917); and *Bemis v. Leonard,* 118 Mass. 502 (1875).

The Holmes opinion had been preceded by *Dutcher v. Wright, supra,* interpreting the provision of the bankruptcy statute prohibiting a preference "within four months before the filing of the petition by or against [the bankrupt.]" 14 Stat. 517, 534 (1867) (codified at Rev.Stat. § 5128 (1873).[1] The case held that in computing the four-month period the day upon which the petition was filed must be excluded. Thus, an assignment made on December 8, 1869 by an insolvent debtor who was adjudged bankrupt on April 8, 1870, was held to have been made within the four-month period and was hence void.

The effect of the rule is not to consider fractions of days.

Appellees do not dispute the interpretation of Rule 45(a), but they contend that it does not apply to the computation of the 18-month service of a grand jury. Unable to escape the language of Rule 45(a) ("In computing any period of time ..."), they instead mount a roundabout attack on its applicability. They contend that the second subsection of Rule 45, subsection (b), which allows a court to enlarge the time for doing an act "required or allowed to be done at or within a specified time,"[2] does not apply to grand juries constituted under Rule 6. Therefore, appellees contend that Rule 45(a) must be equally inapplicable.

The illogic of this argument is plain.[3] A court's authority to enlarge the time within which a grand jury may return an indictment bears no necessary relationship to the method by which the grand jury's 18-month tenure is computed. And the inapplicabili-

1. The Bankruptcy Act of 1867 provided:
   [Whenever] any particular number of days is prescribed ... for the doing of any act ... the same shall be reckoned, in the absence of any expression to the contrary, exclusive of the first, and inclusive of the last day .... 14 Stat. 517, 540 (1867) (codified at Rev.Stat. § 5013 (1873)).

2. Rule 45(b) specifically excepts "action under Rules 29, 33, 34 and 35" from its coverage; it contains no specific exception for action under Rule 6.

3. Moreover, we doubt the premise of appellees' argument. No court has ever stated that Rule 45(b) is inapplicable to enlargement of the 18-month period provided by Rule 6(g). The Second Circuit has held that a court order purporting to enlarge a grand jury's service beyond 18 months is ineffective, *United States v. Fein,* 504 F.2d 1170, 1173–79 (2d Cir. 1974), and the Advisory Committee on Criminal Rules has declared, on the basis of *Fein,* that "absolutely no exceptions are permitted" to Rule 6(g)'s limitation on a grand jury's tenure, *Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure* at 18 (Oct. 1981). The Second Circuit, however, started with the assumption that "there is no statutory authority for the extension of a Rule 6 grand jury beyond the 18-month period." 504 F.2d at 1172. This assumption is arguably inconsistent with Rule 45(b), which the court nowhere discussed. The present case, however, does not involve any attempt to enlarge the grand jury's 18-month period of existence.

ty of Rule 45(b) to the situation in no way compels the conclusion that no subdivision of the rule applies. In fact, subdivision (c) of the original rule specifically applied to grand juries.[4]

We hold that the grand jury impaneled on March 10, 1980 returned an indictment within its 18-month term on September 10, 1981. This holding finds unanimous support in comments by the courts that have considered the last day of a grand jury's service.[5] In *United States v. Fein*, 370 F.Supp. 466, 467 (E.D.N.Y.1974), District Judge Dooling declared that a grand jury impaneled March 17, 1971 expired on September 17, 1972. On appeal, the Second Circuit adopted the same interpretation. *United States v. Fein*, 504 F.2d 1170 (2d Cir. 1974). Judge Mulligan—writing for himself, Judge Winter of the Fourth Circuit, and then-District Judge Newman—stated that a September 26 indictment was returned "nine days after the expiration of the original 18-month life of the grand jury," which had been convened on March 17, 1971. *Id.* at 1171.[6] A different panel of the Second Circuit—Judges Gurfein, Van Graafeiland, and Meskill—discussed the same grand jury in evaluating a different indictment. This panel also remarked that "[t]he expiration date of the grand jury, if its term was not validly extended, was Sep-

tember 17, 1972." *United States v. Macklin*, 523 F.2d 193, 194 n.1 (2d Cir. 1975).

These statements were dicta, for the challenged indictments in *Fein* and *Macklin* were returned after September 17, 1972, so that their validity did not depend on the precise expiration date of the grand jury. In *United States v. Barton*, 647 F.2d 224 (2d Cir.), *cert. denied*, —— U.S. ——, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981), however, the court was squarely presented with a factual situation and an argument identical to the one urged by appellees in the case before us. The *Barton* grand jury was impaneled on October 12, 1977 and returned an indictment on April 12, 1979.[7] Brief for the United States at 38, *Barton*; Brief of the Appellant Rosario Chirico at 15–20, *Barton*. Chirico argued that under Rule 6(g) the grand jury's term had expired on April 11, 1979. *Id.* The Government argued that Rule 45(a) applied, so the indictment was valid. Brief for the United States at 39–40, *Barton*. Judge Kearse—joined by Judges Moore and Newman—expressly found "without merit" the contention "that the indictment was not handed down within the term of the grand jury." 647 F.2d at 230 n.6. She noted that this argument did not even "merit extended discussion." *Id.* at 230.

---

**4.** One purpose of Rule 45(c), which has since been rescinded as unnecessary, was to make clear that a grand jury had power to act beyond the term of court for which it was summoned. *See* Advisory Committee Note to Rule 6(g).

**5.** In their four memoranda and oral argument before the district court, the only support appellees cited for the position they take here was a House report of November 1, 1973 on a bill to extend the life of the so-called Watergate grand jury. H.R.Rep.No.618, 93d Cong., 1st Sess. (1973). The committee accepted Attorney General Richardson's representation in his letter that the grand jury impaneled on June 5, 1972 would expire on December 4, 1973. *Id.* at 2, 3. This does not profess to be an authoritative interpretation of rules promulgated by the Supreme Court and there is no indication that the statement was based on anything more than a cursory reading of Rule 6(g). The Attorney General, in seeking the extension months before the normal termination of the grand jury, was not required to focus or rule on the legally

exact date. He appears to have proceeded with an abundance of caution merely to ensure that the grand jury, which still had eight months to go, could continue until its Watergate inquiry was finished. More important, there is no indication that the Attorney General or Congress ever considered Rule 45(a).

**6.** Judge Mulligan did not discuss Rule 45 in *Fein*. Appellees thus argue that the court inadvertently gave September 17 as the expiration date, rather than determining that Rule 45(a) applied. Yet appellees also argue, *see supra* note 3, that the court in *Fein* determined sub silentio that Rule 45(b) did not apply. We need not now speculate whether the Second Circuit considered Rule 45 in making its decision, for that decision is in any case consistent with our holding in this case. We do, however, note the internal contradiction in appellees' argument.

**7.** The Government's Brief incorrectly stated 1978.

We quite agree that appellees' claim is so lacking in merit as not to warrant extended discussion; thus summary reversal is appropriate. Fed.R.Crim.P. 45(a) controls the termination of the 18-month service of a grand jury under Fed.R.Crim.P. 6(g) and requires that the day on which the jury is impaneled *not* be counted. Therefore, the indictment in this case, returned precisely within the 18-month period after the grand jury was impaneled, is valid. The district court is directed to reinstate the indictment and reinstitute the prosecution of appellees.

*Reversed and remanded.*