**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, Petitioners,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 351, Docket 86–4077.

United States Court of Appeals, Second Circuit.

Submitted Sept. 2, 1986.

Decided Sept. 26, 1986.

---

Robert J. Englehart, Washington, D.C., for respondent.

Joe Goldberg, Washington, D.C. (Mark D. Roth, Charles A. Hobbie, of counsel), for petitioners.

Before MANSFIELD, PIERCE, and PRATT, Circuit Judges.

## PER CURIAM:

The American Federation of Government Employees, AFL–CIO, ("AFGE") charged that the Department of Health and Human Services and the Social Security Administration committed an unfair labor practice in violation of 5 U.S.C. § 7116(a)(1), (5), and (8), by refusing to provide AFGE with certain requested information. Following a hearing on AFGE's claim, an administrative law judge recommended that the complaint be dismissed. Adopting the ALJ's recommendation, the Federal Labor Relations Authority ("FLRA" or "authority") dismissed AFGE's complaint on April 14, 1986. *See* 21 F.L.R.A. No. 35 (April 14, 1986).

On June 13, 1986, AFGE petitioned this court to review the FLRA's order. The matter is now before us, not on the merits of AFGE's petition, but on the authority's motion to dismiss the petition as untimely filed under 5 U.S.C. § 7123(a). Finding no merit to the authority's position, we deny its motion to dismiss.

## DISCUSSION

The statutory provision for judicial review of final orders of the FLRA directs that:

> Any person aggrieved by any final order of the Authority * * *
>
>    *     *     *     *     *     *
>
> may, *during the 60–day period beginning on the date on which the order was issued,* institute an action for judicial review of the Authority's order in [the appropriate United States Court of Appeals].

5 U.S.C. § 7123(a) (emphasis added). The nub of the instant controversy is whether, in calculating the 60–day period for seeking judicial review, the date of issuance of the FLRA's order, April 14, 1986, should be included. If April 14th is included, AFGE's petition filed on June 13, 1986, would have been one day late. In that event, because the statutory time period is jurisdictional, *see State of New York v. United States,* 568 F.2d 887, 892 (2d Cir.1977), *cert. de-*

*nied,* 449 U.S. 887, 101 S.Ct. 242, 66 L.Ed.2d 113 (1980), we would be without jurisdiction to review the FLRA's order and necessarily would grant the motion to dismiss. On the other hand, if the day of filing is excluded from the statutory 60–day period, then AFGE's petition would have been timely filed, we would have jurisdiction, and we would deny the motion.

The authority tenders what amounts to a plain meaning argument. Urging that the statute is unambiguous, it claims that congress prescribed that the 60–day period begins "on the date on which the order was issued", which mandates that the date of issuance be counted as one of the 60 days.

AFGE, on the other hand, posits that congress made reference to the *date of issuance* solely to distinguish section 7123(a) from those instances in which the time period runs from the *date of receipt* of an order. In addition, AFGE asserts that the FLRA's interpretation would lead to unintended, anomalous results. Specifically, AFGE urges that congress meant for aggrieved parties to have a full 60–day period, and under the authority's interpretation, if the FLRA issued an order at the end of a given day, it could effectively decrease the time to seek review to 59 days. Finally, AFGE reasons that the statute should be read against the background of the general policy, exemplified in the federal rules of appellate procedure, that "[i]n computing any period of time prescribed by these rules, by an order of court, or by an applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." Fed.R.App.P. 26(a).

Regrettably, the legislative history of section 7123(a) offers no assistance in resolving this question. The parties have, however, drawn our attention to a decision by the court of appeals for the District of Columbia circuit addressing this issue. In *National Federation of Federal Employees, Local 1300 v. Federal Labor Relations Authority,* No. 85–1541 (D.C.Cir. November 6, 1985), the court addressed a motion to dismiss raising the same issue that we face here. The court denied the FLRA's motion without opinion, stating only that "[a]ppellant filed a timely petition for review. *See* Fed.R.App.P. 26(a)."

We agree with our District of Columbia circuit colleagues that a petition filed on the 60th day after the date of issuance of the FLRA's order is timely filed. The date of issuance of the FLRA's order should not be counted. The statute provides for a "60–day period", not 59 days plus some portion of the date of issuance. If, hypothetically, section 7123(a) provided for a 1–day period, it seems clear that a filing on the next day after issuance would be timely. Indeed, it would offend our notions of both justice and common sense to hold that the actual amount of time available to petition for review was open to the vagaries of when during the day the authority issued its order. Therefore, unless we were to require that the period extended to the corresponding hour and minute of the next day—which undoubtedly would draw us into a morass of picayune challenges, *cf. United States v. Carver,* 671 F.2d 577, 578 (D.C.Cir.1982) ("[t]he effect of [Fed.R. Crim.P. 45(a)] is not to consider fractions of days")—the following full day would be the first day in the calculation. Logically, then, the 60–day period here should be determined no differently.

Moreover, the plain language of section 7123(a) does not support the FLRA's position. The statute declares that the 60–day *period* begins on the date the order is issued, but does not direct that the *date of issuance* be counted as part of that period. Thus, AFGE's contention is compelling that the language was intended to distinguish our situation from instances in which the period begins on the date of receipt of an order.

In light of the foregoing, we hold that congress did not mean to have the date of issuance counted in determining the timeliness of a petition for review under section 7123(a). In so holding, we note that our conclusion is in line with our own rules of appellate procedure, *see* Fed.R.App.P. 26(a), and comports with the traditional

rule for computing periods of time, which excludes the day of the triggering event, *see Carver*, 671 F.2d at 577–78 (citing cases).

The motion to dismiss AFGE's petition for review is denied.