**SLINGER DRAINAGE, INC., Petitioner,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

**No. 99–1433.**

United States Court of Appeals, District of Columbia Circuit.

Filed April 13, 2001.

Before: HARRY T. EDWARDS, Chief Judge, SENTELLE and RANDOLPH, Circuit Judges.

### *ORDER*

PER CURIAM

Upon consideration of petitioner's petition for rehearing, it is

**ORDERED** that the petition be denied for the reasons stated in the attached memorandum.

### *MEMORANDUM*

Slinger Drainage, Inc.'s petition for rehearing is meritless. Petitioner claims that our published decision in this case, *Slinger Drainage, Inc. v. EPA,* 237 F.3d 681 (D.C.Cir.2001), is inconsistent with the court's decision in *United States v. Carver,* 671 F.2d 577 (D.C.Cir.1982). This claim is misguided. *Carver* involved our consideration of FED.R.CRIM.P. 6(g), which states that "no grand jury may serve more than 18 months." We held that this provision should be interpreted in light of FED. R.CRIM.P. 45(a), which requires that "[i]n computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included." *Carver* did not address the situation presented here—a statutory judicial review provision in which Congress has mandated a particular method of counting.

■ Petitioner also points to this court's disposition in *National Federation of Federal Employees, Local 1300 v. Federal Labor Relations Authority,* No. 85–1541 (D.C.Cir. Nov. 6, 1985) ("*NFFE*"), as grounds for rehearing. The court's unpublished order in *NFFE* merely states that "Appellant filed a timely petition for review. *See* FED. R.APP. P. 26 (a)." Obviously, this provides no basis for rehearing. More importantly, however, under D.C.CIR. R. 28(c), "[u]npublished orders or judgments of this court ... are not to be cited as precedent." Accordingly, the judgment in *NFFE* is not binding precedent.