**SLINGER DRAINAGE,**
**INC., Petitioner,**

v.

**ENVIRONMENTAL PROTECTION**
**AGENCY, Respondent.**

**No. 99–1433.**

United States Court of Appeals, District of Columbia Circuit.

Filed April 13, 2001.

Before: HARRY T. EDWARDS, Chief Judge; STEPHEN F. WILLIAMS, GINSBURG, SENTELLE, KAREN LeCRAFT HENDERSON, RANDOLPH, ROGERS, TATEL and GARLAND, Circuit Judges.

A statement of Circuit Judge WILLIAMS dissenting from the denial of rehearing *en banc* is attached.

### *O R D E R*

**PER CURIAM**

Petitioner's petition for rehearing en banc and the response thereto have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular active service did not vote in favor of the petition. Upon consideration of the foregoing, it is

**ORDERED** that the petition be denied.

A separate Memorandum Opinion supporting the denial of rehearing is attached to the order denying the petition for panel rehearing.

STEPHEN F. WILLIAMS, Circuit Judge, dissenting:

I am not persuaded by the court's view that Rule 26(a) of the Federal Rules of Appellate Procedure cannot be reconciled with 33 U.S.C. § 1319(g)(8). Rule 26(a) sets up a general rule on how to *apply* a provision that sets forth a "period" (i.e., time limit): Don't count the day "that begins the period." Then the substantive statute identifies a "period," 30 days, that "begins" on the date the civil penalty order is issued. One can put the two together by saying that the substantive statute identifies the "day that begins the period" as the issuance date; Rule 26(a) tells us to exclude that day. See also *American Federation of Government Employees, AFL–CIO v. Federal Labor Relations Authority,* 802 F.2d 47, 48 (2d Cir.1986) ("The statute [5 U.S.C. § 7123(a) ] declares that the 60–day *period* begins on the date the order is issued, but does not direct that the *date of issuance* be counted as part of that period.").