United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed April 13, 2001

 No. 99-1433

 Slinger Drainage, Inc., 
 Petitioner

 v.

 Environmental Protection Agency, 
 Respondent

 ---------

 Before: Edwards, Chief Judge; Williams, Ginsburg, 
Sentelle, Henderson, Randolph, Rogers, Tatel and Garland, 
Circuit Judges.

 O R D E R

 Upon consideration of petitioner's petition for rehearing en 
banc, and the absence of a request by any member of the 
court for a vote, it is

 ORDERED that the petition be denied.

 Per Curiam

 FOR THE COURT:

 Mark J. Langer, Clerk

 

 A statement of Circuit Judge Williams dissenting from the 
denial of rehearing en banc is attached.

 A separate Memorandum Opinion supporting the denial of 
rehearing is attached to the order denying the petition for 
panel rehearing.

 Williams, Circuit Judge, dissenting: I am not persuaded 
by the court's view that Rule 26(a) of the Federal Rules of 
Appellate Procedure cannot be reconciled with 33 U.S.C. 
s 1319(g)(8). Rule 26(a) sets up a general rule on how to 
apply a provision that sets forth a "period" (i.e., time limit): 
Don't count the day "that begins the period." Then the 
substantive statute identifies a "period," 30 days, that "be-
gins" on the date the civil penalty order is issued. One can 
put the two together by saying that the substantive statute 
identifies the "day that begins the period" as the issuance 
date; Rule 26(a) tells us to exclude that day. See also 
American Federation of Government Employees, AFL-CIO 
v. Federal Labor Relations Authority, 802 F.2d 47, 48 (2d 
Cir. 1986) ("The statute [5 U.S.C. s 7123(a)] declares that the 
60-day period begins on the date the order is issued, but does 
not direct that the date of issuance be counted as part of that 
period.").