**UNITED STATES of America,
Appellee,**

v.

**Luis E. CORDOBA–MURGAS, also known as Carlos, also known as Negro, also known as Sealed Defendant # 2, Luis A. Todd–Murgas, Raul Antonio Cordoba–Murgas, Defendants–Appellants.**

**Docket No. 04–3131–CR(L), 03–3350–CR(CON), 04–3554–CR(CON).**

United States Court of Appeals,
Second Circuit.

Argued: May 19, 2005.

Decided: Sept. 7, 2005.

Amended: Oct. 5, 2005.

2. We intimate no view of the merits or of petitioner's ability to establish a claim for relief under CAT.

Grant C. Jaquith, Supervisory Assistant United States Attorney (Robert P. Storch, Assistant United States Attorney, of counsel; Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), United States Attorney's Office for the Northern District of New York, Albany, NY, for Appellee.

Edward S. Zas, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant Luis E. Cordoba–Murgas.

Robert G. Wells, Syracuse, NY, for Defendant–Appellant Raul Antonio Cordoba–Murgas.

William M. Borrill, Campbell Law Firm, Syracuse, NY, for Defendant–Appellant Luis A. Todd–Murgas.

Before: OAKES and CABRANES, Circuit Judges, and GOLDBERG, Judge.*

JOSÉ A. CABRANES, Circuit Judge.

We are asked to determine whether a defendant who has been indicted for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), with no particular quantity specified in the indictment, may be sentenced to a term of imprisonment longer than the statutory maximum for a violation of that crime with an unspecified quantity of drugs, if the defendant admits to a specific quantity in his plea allocution which would allow for the longer sentence. The Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and our subsequent decision in *United States v. Thomas*, 274 F.3d 655 (2d Cir.2001) (en banc), require that in order "to impose a sentence above the statutory maximum for an indeterminate quantity of drugs,... the type and quantity of drugs is an element of the offense that must be charged in the indictment and submitted to the jury," *id.* at 660 (footnote omitted), and it is well established that a defendant's plea allocution effectively waives the requirement of submitting the quantity question to the jury, *United States v. Yu*, 285 F.3d 192, 198 (2d Cir.2002). Accordingly, we must here decide whether defendant's plea allocution may also effectively waive the requirement that the quantity be charged in the indictment as well.

We conclude that though an indictment can be waived by a defendant, *United States v. Ferguson*, 758 F.2d 843, 850–51 (2d Cir.1985), admission of quantity in a plea allocution does not constitute a waiver of the required elements of an indictment. Therefore, when a defendant has been indicted for a violation of 21 U.S.C. § 841(a) involving an unspecified quantity of drugs, the defendant cannot be sentenced above the statutory maximum for an indeterminate quantity of drugs, as set forth in 21 U.S.C. § 841(b)(1)(C). Accordingly, we remand the cause to the District Court with instructions to vacate the sentence imposed on defendant Luis Cordoba–Murgas and, upon re-sentencing, not to exceed the statutory maximum for violations of 21 U.S.C. § 841(a) with an unspecified quantity of cocaine. With regard to defendants Luis Cordoba–Todd and Raul Cordoba–Murgas, we remand for consideration of re-sentencing in accordance with *United*

---

* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

*States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

## BACKGROUND

Defendants Luis E. Cordoba–Murgas ("Cordoba"), Luis A. Todd–Murgas ("Todd"), and Raul Antonio Cordoba–Murgas ("Raul Cordoba") appeal from a judgment of the United States District Court for the Northern District of New York (Howard G. Munson, *Judge* ), sentencing defendants for violations of 21 U.S.C. § 841(a). As we have previously considered this case, *United States v. Cordoba–Murgas*, 233 F.3d 704 (2d Cir.2000), we assume familiarity with our prior opinion and set forth here only those facts necessary to explain our disposition of the instant appeal.

On March 21, 1996, defendants were charged by a grand jury with a number of drug offenses in an eight-count superceding indictment. The second count charged defendants with "knowing and intentional possession with intent to distribute and distribution of cocaine and crack cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1)." Defendants were alleged to have been "involved in a large-scale drug distribution enterprise based in Rome, New York." *Cordoba–Murgas*, 233 F.3d at 706. The indictment did not charge defendants with any particular quantity of drugs.

Cordoba and Todd executed plea agreements on May 14, 1997, and pleaded guilty to the second count the same day. In Cordoba's written plea agreement, he acknowledged "that he participated in, the possession with intent to distribute or distribution of an aggregate total of more

than 15 but less than 50 kilograms of cocaine over the duration of his participation in the conspiracy." Todd's written plea agreement contained a similar acknowledgment. Neither defendant adverted to the drug quantity when orally entering his guilty plea at the proceeding before the District Court. Following a six-week trial, Raul Cordoba was convicted of count two on June 26, 1997, and the District Court found that he too was responsible for between fifteen and fifty kilograms of cocaine.

Prior to sentencing, the government moved for an enhancement of the sentencing guidelines offense level suggested by the Presentence Report submitted by the United States Probation Office for Raul Cordoba under U.S.S.G. §§ 2D1.1(d) and 2A1.1,[1] and for an upward departure for Cordoba and Todd under § 5K2.1,[2] based on the allegation that Raul Cordoba had, along with Todd and at the behest of Cordoba, murdered two people while collecting a drug debt for the organization. The District Court held an evidentiary hearing regarding this murder allegation over five days in October 1998. On December 15, 1998, the District Court determined that in order to apply the enhancements, the government had to prove each defendant's involvement in the murders by "clear and convincing evidence." *United States v. Murgas*, 31 F.Supp.2d 245, 253–54 (N.D.N.Y.1998). The District Court concluded that the government did not meet this burden but noted that "[t]his decision hardly exonerates defendants: it only holds the government has not demonstrated defendants' involvement by the more

---

1. Section 2D1.1(d)(1) provides that "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder)."

2. Section 5K2.1 provides that "[i]f death resulted, the court may increase the sentence above the authorized guideline range."

rigorous clear and convincing standard." *Id.* at 257–58. The District Court then sentenced Cordoba principally to 262 months imprisonment, Todd to 188 months, and Raul Cordoba to 151 months. On appeal, we concluded that "the district court was required to employ the preponderance of the evidence standard rather than the 'clear and convincing' standard," and vacated the sentences of all three defendants. *Cordoba–Murgas,* 233 F.3d at 709.

After oral argument, but before we had issued our ruling, the Supreme Court decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which provided that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Defendants petitioned for rehearing, based on the argument that our opinion allowed the District Court to sentence defendants to terms of imprisonment longer than the statutory maximum for the crime for which they were indicted and convicted. We denied the petition for rehearing on February 5, 2001, stating that "*Apprendi* was decided after briefing and oral argument in this case, and this Court did not consider it in rendering its decision because we had vacated movants' sentences and remanded for resentencing. For these reasons, the applicability and impact, if any, of *Apprendi* is more appropriately considered by the district court in the first instance on remand."

On remand, the District Court held another evidentiary hearing and, reconsidering the evidence under the preponderance standard, found that, though "the court still harbor[ed] substantial doubts as to whether Raul Cordoba is in fact responsible for the two murders," defendants were nonetheless subject to the enhanced sentences requested by the government. *United States v. Murgas,* 321 F.Supp.2d 451, 455–58 (N.D.N.Y.2004). The District Court rejected defendants' *Apprendi* claims and concluded that the written plea agreement specifying quantity fulfilled the indictment requirement. *Id.* at 458–60, 120 S.Ct. 2348.

Having made these findings, the District Court upwardly adjusted Raul Cordoba's sentence to 170 months imprisonment and Todd's sentence to 207 months, while Cordoba was re-sentenced to 262 months. *Id.* at 460, 120 S.Ct. 2348. This appeal followed.

## DISCUSSION

■ In 2001, we convened en banc in order to clarify the law of our Court following the Supreme Court's ruling in *Apprendi. See United States v. Thomas,* 274 F.3d 655 (2d Cir.2001) (en banc). We held that "if the type and quantity of drugs involved in a charged crime may be used to impose a sentence above the statutory maximum for an indeterminate quantity of drugs, then the type and quantity of drugs is an element of the offense that must be charged in the indictment and submitted to the jury." *Id.* at 660 (footnotes omitted). Relying on this language, defendant Cordoba claims that because the indictment returned by the grand jury charged him with a violation of 21 U.S.C. § 841(a), and did not specify any quantity of drugs, the maximum statutory penalty he is sub-

ject to is twenty years imprisonment, as set forth in 21 U.S.C. § 841(b)(1)(C).[3] Because he was sentenced to 262 months, a sentence longer than the statutory maximum for the crime for which he was indicted, he seeks a vacatur of his sentence and a remand with instructions that the resulting sentence not exceed twenty years.[4]

There is no question that Cordoba's statement of the law is correct as a general proposition. However, the government contends that because Cordoba admitted in his written plea agreement to possession with intent to distribute between fifteen and fifty kilograms of cocaine, he has effectively waived his right to be indicted by a grand jury as to that amount, much as he has waived his right to have that amount found beyond a reasonable doubt by a petit jury. Both the government and the District Court rely on our statement in *United States v. Doe* that "in a guilty plea setting, error may be avoided even absent a fact-finder's beyond a reasonable doubt conclusion as to drug quantity if the defendant has given an 'allocution that settles the issue of drug quantity.'" 297 F.3d 76, 89 (2d Cir.2002) (quoting *Yu,* 285 F.3d at 198). The government thus urges us to hold that Cordoba's allocution in his written plea agreement, which settles the issue of drug quantity, suffices to meet both the grand jury and the petit jury requirements.

Inasmuch as Cordoba raised the *Apprendi* claim before the District Court at sentencing, the alleged error is preserved and we review not for plain error, as in *Thomas* or *Doe,* but under a harmless error standard. *See, e.g.,* Fed.R.Crim.P. 52(a); *United States v. Lake,* 419 F.3d 111 (2d Cir. 2005).

Although we have never squarely addressed the question presented here, prior decisions of our Court make clear that (1) drug quantity is an element of the crime defined by 21 U.S.C. § 841(a); and (2) the absence of an indictment is not waived by a guilty plea. Considering both of these lines of precedent, we conclude that when a defendant is indicted for a violation of 21 U.S.C. § 841(a) without a specified quantity of drugs, the defendant's allocution to a particular quantity cannot serve to waive the failure to indict him for the separate crime of violation of § 841(a) with a particular quantity of drugs. Accordingly, the defendant cannot be sentenced to a term of imprisonment greater than the statutory maximum set forth in § 841(b)(1)(C) for violation of § 841(a) without a specified quantity.

The rule that drug quantity is an element of any crime charged under 21 U.S.C. § 841(a) stems from *Apprendi* and *Thomas.* As we stated in *Thomas,* "be-

---

**3.** Section 841(a) provides that "it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." 21 U.S.C. § 841(a). Section 841(b) sets forth a framework of penalties, the extent of which depend on the type and quantity of drugs at issue. With regard to cocaine, the controlled substance at issue in this case, subsection (b)(1)(A) mandates a sentence of not less than

ten years and not more than life imprisonment for a quantity exceeding five kilograms; subsection (b)(1)(B) mandates a sentence of not less than five years and not more than forty years imprisonment for a quantity exceeding five hundred grams; and subsection (b)(1)(C) mandates a sentence of not more than twenty years if no quantity is specified. 21 U.S.C. § 841.

**4.** Defendants Todd and Luis Cordoba were both sentenced to terms of imprisonment of less than twenty years, and therefore do not raise this argument.

cause the quantity of drugs involved in a crime may raise a defendant's sentence above the statutory maximum established in 21 U.S.C. § 841(b)(1)(C), quantity is an element of the offense charged under 21 U.S.C. § 841." 274 F.3d at 663; *see also, e.g., Sattazahn v. Pennsylvania,* 537 U.S. 101, 111, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) (plurality opinion of Scalia, J.) ("Put simply, if the existence of any fact (other than a prior conviction) increases the maximum punishment that may be imposed on a defendant, that fact—no matter how the State labels it—constitutes an element, and must be found by a jury beyond a reasonable doubt."). We recently reviewed this rule and confirmed that "[t]his court has recognized the addition of a drug quantity element to a § 841(a) offense ... result[s] in a different criminal charge from the same offense pleaded without regard to quantity." *United States v. Gonzalez,* 420 F.3d 111, 124 (2d Cir. 2005).

The government's indictment-waiver claim was effectively refuted thirty years ago, when, in an opinion by the late Judge Murray I. Gurfein, we stated:

> While prosecution by indictment can be waived, Fed.R.Crim.P. 7(b), the only waiver that could conceivably be found here is the plea of guilty. It would be tempting to hold that since a defendant may waive indictment, a plea of guilty is at least its equivalent. We recognize

that one of the grounds for requiring prosecution by indictment is to protect a possibly innocent defendant. And here the defendant has admitted that he is not innocent. Yet the waiver of indictment has been deliberately clothed in formal procedure. It must be made in open court and the defendant must be told the nature of the charge and informed of his rights before he is allowed to consent to the waiver. We cannot erode the protective formality of the rule because of a hard case.

*United States v. Macklin,* 523 F.2d 193, 196 (2d Cir.1975) (footnote omitted).[5]

*Macklin* involved a situation where the grand jury had returned an indictment but the Court concluded that the indictment was invalid because the term of the grand jury had been improperly extended. *Id.* at 194–95. The present case differs somewhat because there is a valid indictment, but there is no valid indictment *for the crime for which Cordoba was convicted* and we therefore discern no basis upon which to distinguish the present case from *Macklin.* As noted, a violation of 21 U.S.C. § 841(a) with no specified quantity of drugs constitutes a different crime than 21 U.S.C. § 841(a) with a specified quantity of drugs, and the applicable statutory penalty varies accordingly. By sentencing Cordoba to a term of imprisonment of longer than twenty years, the District Court effectively convicted him of a crime

---

**5.** Federal Rule of Criminal Procedure 7(b) provides that "[a]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant— in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment."

for which he had not been indicted. Pursuant to *Macklin*, the guilty plea settling the issue of quantity cannot serve as a waiver of indictment.[6]

The government argues that our decision here should be governed by our statement in *United States v. McLean* that "[a]s long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged and (in cases involving a guilty plea) allocuted to by the defendant, a district court may consider drug quantity in determining a defendant's relevant conduct for sentencing purposes pursuant to U.S.S.G. § 1B1.3(a), even if drug quantity has not been charged in the indictment as an element of the offense." 287 F.3d 127, 133 (2d Cir.2002). This statement cannot support the weight the government asks it to bear. We understand it simply to clarify that the rule of *Apprendi* and *Thomas* does not strip district courts of the authority to make factual findings as to drug quantity for use in sentencing, so long as the resulting sentence does not exceed the applicable statutory maximum.

In fact, *McLean* makes clear that the district court can consider drug quantity "[a]s long as the sentence imposed is not greater than the maximum penalty authorized by statute *for the offense charged* and (in cases involving a guilty plea) allocuted to by the defendant." *McLean*, 287 F.3d at 133 (emphasis added). It is undisputed that the maximum penalty authorized by statute for the offense charged in the indictment is twenty years. Furthermore, the indictment in the *McLean* case did charge a particular quantity of marijuana, *id.* at 130, thereby highlighting that decision's inapplicability to the present situation. Accordingly, we decline to read *McLean* to dictate the result in this case.

We likewise reject the government's argument that *Doe* governs this case. As noted above, the language relied on by the District Court and the government provides that "in a guilty plea setting, error may be avoided even absent a fact-finder's beyond a reasonable doubt conclusion as to drug quantity if the defendant has given an allocution that settles the issue of drug quantity." 297 F.3d at 89 (internal quotation marks omitted). This language, however, appears in the portion of *Doe* discussing whether the issue of drug quantity must be submitted to a jury for a finding

---

**6.** Relying on *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), *Macklin* further held that "[t]he absence of an indictment is a jurisdictional defect which deprives the court of its power to act. Such a jurisdictional defect cannot be waived by a defendant, even by a plea of guilty." *Macklin*, 523 F.2d at 196. That holding was fatally undermined by the Supreme Court's decision in *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), which expressly overruled *Bain* "[i]nsofar as it held that a defective indictment deprives a court of jurisdiction." *Cotton*, 535 U.S. at 631, 122 S.Ct. 1781. Our holding here relates to *waiver* of indictment and is not affected by the fact that a district court continues to have *jurisdiction* over a prosecution despite a flawed indictment.

beyond a reasonable doubt, and has no connection to the separate indictment requirement. *Id.* at 88. Furthermore, the portion of the opinion discussing the failure of the indictment to specify drug quantity utilized a plain error standard of review and concluded that the failure to specify quantity was in fact error that was plain, but did not affect the defendant's substantive rights because the defendant in that case had more-than-adequate notice of the quantity-based penalty provisions, thereby ensuring that the purposes of the indictment requirement were served. *Id.* at 87–88. Here, by contrast, because the error was preserved, the government bears the burden of proving that the sentencing error was harmless. *Lake,* 419 F.3d at 113. The government does not argue that the error was harmless.

In light of the above, we conclude that an allocution that settles the issue of drug quantity cannot serve to waive the requirement of *Thomas* that a defendant be charged with drug quantity in the indictment "if the type and quantity of drugs involved in a charged crime may be used to impose a sentence above the statutory maximum for an indeterminate quantity of drugs." *Thomas,* 274 F.3d at 660. Accordingly, we REMAND to the District Court with instructions to vacate Cordoba's sentence and re-sentence him to a term of imprisonment of not longer than twenty years.

The parties agreed at oral argument that all three defendants are, in any event, entitled to a remand pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). Accordingly, this case is RE-MANDED so that the District Court may consider whether to re-sentence defendants Todd and Raul Cordoba in conformity with the currently-applicable statutory requirements explicated in the *Crosby* opinion.

## CONCLUSION

To summarize: we hold that if a defendant is indicted for a violation of 21 U.S.C. § 841(a), but the indictment does not specify the quantity of drugs, the District Court cannot impose a sentence above the statutory maximum for an indeterminate quantity of drugs, even if the defendant later allocutes to a particular quantity. We remand the cause to the District Court with instructions to vacate Cordoba's sentence and impose a new sentence not to exceed twenty years and to consider whether to re-sentence Todd and Raul Cordoba in accordance with *Crosby.*