**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Crispin JIMENEZ–ALVARADO, Defendant—Appellant.**

No. 07–50514.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 17, 2008.*

Filed Dec. 15, 2008.

Anne Kristina Perry, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Janet Tung, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: RYMER and M. SMITH, Circuit Judges, and KORMAN,** District Judge.

### MEMORANDUM ***

Crispin Jimenez–Alvarado appeals from a judgment of conviction entered in the United States District Court for the Southern District of California, convicting him, upon a jury verdict, of one count of being a previously deported alien found in the United States, in violation of 8 U.S.C. § 1326. We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

480

### (1)

■ The defendant argues that the eighteen-month term of the grand jury which indicted him was improperly extended by the district court. Because this argument was one that the defendant was required to raise before trial, Fed.R.Crim.P. 12(b)(3)(B), and because he has failed to make the requisite showing of cause and prejudice to overcome his procedural defaults, the argument is deemed waived. Fed.R.Crim.P. 12(e); *Davis v. United States,* 411 U.S. 233, 243–44, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). Contrary to the defendant's argument, the defect he alleges does not come within the exception to Fed.R.Crim.P. 12(b)(3)(B) for claims based on the failure of the indictment "to invoke the court's jurisdiction." "Although Rule 12 does not say so, it seems clear that the 'court's jurisdiction' ... means subject matter jurisdiction." 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure* § 193 (4th ed.2008) (collecting cases). The defect alleged here is not of a kind that deprived the district court of subject matter jurisdiction. *See United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.... In contrast, the grand jury right can be waived."). Indeed, the Advisory Committee notes to Fed. R.Crim.P. 12 expressly indicate that objections based on the "[i]llegal selection or organization of the grand jury" are deemed waived unless made prior to trial. Fed.R.Crim.P. 12 advisory committee's note; *see also Davis,* 411 U.S. at 237, 93 S.Ct. 1577. The only case on which defendant relies, *United States v. Macklin,* 523 F.2d 193 (2d Cir.1975), has been overruled for the proposition for which he cites it. *See United States v. Cordoba–Murgas,* 422 F.3d 65, 71 n. 6 (2d Cir.2005).

### (2)

The defendant argues, also for the first time on appeal, that the district court erred in finding that he had been convicted previously of a "crime of violence," namely, "forcible rape," warranting a sixteen-level enhancement of his Guidelines' offense level under U.S.S.G. § 2L1.2(b)(1)(A). Specifically, he argues that his prior conviction of rape in violation of California Penal Code § 261(a)(2) is not categorically a "crime of violence" within the meaning of the Sentencing Guidelines because § 261(a)(2) encompasses within its definition of rape "conduct accomplished through deception or by threat of non-physical retribution."

Section 261(a)(2) defines as "rape" any "act of sexual intercourse accomplished ... against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." The critical word on which the defendant's argument hinges is "duress." This term, he argues, has been construed to permit a conviction for rape even when it is not accomplished through the use of physical force.

We pass over this argument because, even if a "statute of conviction is overly inclusive, we may 'look a little further' and 'consider whether other documentation and judicially noticeable facts demonstrate that the offense was, indeed, within the Guidelines' definition.'" *United States v. Lopez–Montanez,* 421 F.3d 926, 931 (9th Cir.2005) (internal citation omitted). Among the judicially noticeable facts that we may consider under this "modified categorical approach" are "'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which [Jimenez–Alvarado] assent-

ed.'" *United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir.2007) (en banc) (quoting *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)); *see also United States v. Snellenberger*, 548 F.3d 699, 702–04 (9th Cir.2008) (allowing consideration of clerk minute orders in applying the modified categorical approach).

■ In this case, we look to the information to which the defendant pled guilty. The information did not charge that the defendant committed the rape by the use of "duress"—the element that he alleges would permit a conviction for rape without the use of force or violence in fear of immediate bodily injury. Instead, the information narrowed the charge to include only conduct that constituted "a crime of violence." Specifically, the information charged that the defendant "accomplish[ed] an act of sexual intercourse with Aurora Valdez ... by means of force, violence, and fear of immediate bodily injury on said person and another, in violation of Penal Code 261(a)(2)." This is sufficient to establish that the offense was within the Guidelines' definition of "a crime of violence." *See United States v. Harkey*, 923 F.2d 138, 138 & n. 1 (9th Cir.1991) (notwithstanding the broad definition of burglary in a Washington statute, the informations narrowed the charge in a manner sufficient to support an enhancement for burglary under 18 U.S.C. § 924(e)).

### (3)

The defendant's final argument is that the district court "never considered factors in mitigation under 18 U.S.C. § 3553(a)(2)." This claim is contrary to the judge's express statement that he had read the defendant's sentencing memoran-

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

dum. Moreover, if the defense counsel actually thought otherwise, he had the opportunity to argue mitigating factors, of which there were not many, during the sentencing proceeding.

AFFIRMED.